WASSON *v.* GROVEY.

4-3860

Opinion delivered June 17, 1935.

*Charles S. Harley* and *Nelson H. Sadler*, for appellant.

*Malcolm W. Gannaway* and *William D. Hopson*, for appellee.

SMITH, J. The State Bank Commissioner, in charge of the Union Trust Company for liquidation, brought this suit against appellee, F. C. Grovey, upon his promissory note for $500 payable to the order of the bank. Liability upon the note is conceded, and the insolvency of the bank is not denied. Appellee filed an answer, in which he alleged that he had on deposit in the insolvent bank as his own funds more than $500 in the name of ''Mutual Benefit Health & Accident Association, by F. C. Grovey,'' and he prayed that these funds or a sufficient amount of them be offset against any judgment recovered against him.

Grovey testified concerning this account as follows. He was the general agent of the insurance company, and used this account as his general checking account. It was over $500 in amount at the time suit was brought. No one else had made any deposits for the benefit of this account, and no one else was authorized to draw checks against it. It was his practice to deposit insurance premiums as he collected them for the insurance company. A debtor and creditor relationship existed between himself and the insurance company for such part of said collections as were due the insurance company, because, at the end of each month, the insurance company would bill him for the net amount due it. The amount due the insurance company had been paid, and the balance of the deposit belonged to appellee. No disclaimer of ownership of the deposit was filed by the insurance company, and it was not made a party to the suit. The question of a defect of parties was properly raised and preserved.

The case was submitted under an instruction which told the jury that appellee had the right to offset the deposit if it was found that he was the owner of it. There was a verdict in appellee's favor, from which is this appeal.

The right of offset is not questioned, but it is insisted that proper parties were not before the court to

adjudge that question, and we think appellant is right in this contention.

*Prima facie,* the insurance company has an interest in this deposit, and the extent of that interest can only be determined in a proceeding to which it is a party. No disclaimer of this interest was filed. It is universal and elementary law that any person who has title to or an interest in the subject-matter of litigation, who may be adversely affected by the adjudication thereof, is a necessary party to such litigation.

This deposit was apparently made by an agent in the name of a disclosed principal, and the checks upon it were so drawn. The attempt to plead the deposit as an offset against an individual demand against the agent himself is, in effect, an attempt by the agent to sue in his own name and for his own benefit on a deposit contract carried in the name of the principal. Unless specially authorized, the agent has no such authority. See § 504, chapter on Agency, 2 C. J., page 829.

If the insurance company has an interest in this deposit, the fact that its agent was permitted, in the trial from which this appeal comes, to use it in extinguishment of the demand of the bank against him, would not prevent the insurance company from also asserting its interest against the bank, as it is not bound by the judgment from which this appeal comes, for the reason that it is not a party to this suit.

The judgment must therefore be reversed, and upon a new trial the insurance company must be made a party or competent evidence offered that it claims no interest in the deposit outstanding in its name before it may be used as an offset against an admitted liability. Judgment reversed, and cause remanded.